In the Matter of Disciplinary Proceedings Against Joseph F. McDonnell, Jr., Attorney at Law.

Supreme Court

*No. 81–347–D. Filed June 2, 1982.*
(Also reported in 319 N.W.2d 876.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked by consent.*

On February 20, 1981, the Board of Attorneys Professional Responsibility filed a complaint and, on April 16, 1981, an amended complaint alleging five counts of unprofessional conduct against Joseph F. McDonnell, Jr., an attorney licensed to practice law in Wisconsin since 1967, and who practices in South Milwaukee. In the first count it was alleged that the respondent obtained in excess of $15,000 from his client in a divorce action and, with his consent, used those funds and offered to pay interest thereon. The respondent did not inform his client of the intended use of the funds, of the risk to which they would be subjected or of the differing interest between him and the client which arose from the transaction. The respondent used those funds for his personal purposes and, when the client made demand for their return, he returned only a small portion of them, there remaining the amount of $11,265 owed to the client at the time this proceeding was commenced. The second count alleged that the respondent used for his own purposes the proceeds of the sale of a client's home. He failed to return those funds until the personal representative of the client's estate retained other counsel to commence legal action. In the third count the Board alleged that the respondent misappropriated approximately $30,000 delivered to him in trust in the course of his handling the probate of an estate. The personal representative requested return of a portion of those funds, and the respondent issued a check written on his trust account, which was subsequently returned for insufficient funds. Despite repeated demands for the return of the funds, the respondent has failed to deliver them. The fourth count alleged that the respondent used for his own purposes, with the client's consent, approximately $7,600, representing the proceeds of the sale of the client's home.

The respondent did not inform the client of his intended use of the funds, of the risk to which they would be subjected or of the differing interest between him and the client which arose as a result of the transaction, and he failed to return the funds upon demand. In the fifth count it was alleged that during the years 1978 through 1980 the respondent repeatedly received funds in trust belonging to his clients, he failed to preserve them for the benefit of each respective client and his trust account was continuously out of trust. Also during that period more than 40 checks were drawn on the respondent's trust account but were not paid upon presentation because of insufficient funds in the account. It was alleged that the respondent's conduct violated SCR 20.27 and 20.50 (1982).

In his answer the respondent admitted the allegations of all five counts, but he denied any intentional misconduct. We referred the matter to the Hon. John A. Fiorenza as referee pursuant to SCR 21.09(4). Following a hearing, the referee filed his report and recommendation with the court on December 30, 1981, in which he made findings of fact consistent with the allegations of misconduct contained in the complaints. The referee recommended that the respondent's license to practice law in Wisconsin be suspended for six months, that he retain an accountant to file quarterly reports with the Board concerning his trust account, that he continue to make payments to the client-creditors and furnish to the Board a list of all payments made each quarter and that he pay the costs of these proceedings. In addition, because there were criminal charges pending against the respondent, the referee recommended that in the event of his conviction, the respondent's license to practice law be immediately revoked.

The respondent appealed from the report and recommendation of the referee, but on May 7, 1982, before the

appeal had been assigned for consideration by the court, the respondent filed a petition for the revocation of his license by consent pursuant to SCR 21.10. The petition was based on the respondent's April 6, 1982 conviction of theft arising out of his conduct in handling an estate, which was the basis of one of the five counts of unprofessional conduct in the complaints in this disciplinary proceeding. The respondent stated that he cannot successfully defend the charges set forth in the complaint as to his handling of that estate. The petition was referred to the referee for review, and his report and recommendation were filed with the court on May 25, 1982, in which he recommended that the petition be accepted and that the respondent's license to practice law be immediately revoked.

We hereby adopt the recommendation of the referee and accept the respondent's petition.

It is ordered that the license of Joseph F. McDonnell, Jr., to practice law in Wisconsin is revoked effective June 7, 1982.

It is further ordered that Joseph F. McDonnell, Jr., pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,017.88 and that such payment be made prior to the respondent's filing a petition for reinstatement to practice law in Wisconsin.

It is further ordered that the appeal in this matter is dismissed.